(Nos. 3442, 3454, 3648, 3654 and 3655—Consolidated; ▮▮▮▮▮▮▮▮

WESTERN UNION TELEGRAPH CO., A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1942.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

Claimant has filed five complaints which are consolidated by agreement of the parties.

Claim No. 3442 seeks an award in the sum of $24.00 for furnishing time services at the request of the House of Representatives at Springfield on January 1, 1938, to December 31, 1938, as per attached statement; claim No. 3454 seeks an award in the sum of $28.67 for telegraph services rendered by claimant on July 15, 1938, at the request of James P. Boyle who was chairman of the appropriations committee at that time; claim No. 3648 seeks an award in the sum of $44.48 for telegraph services rendered by claimant for a series of telegrams signed by the then Speaker of the House, the Hon. Hugh W. Cross, notifying the members of the House of Representatives to attend the funeral of the late Governor Horner. These telegrams were sent from Chicago; claim No. 3654 seeks an award in the sum of $24.00 for time services furnished the offices of the Speaker of the House of Representatives and was contracted for by the late David Shanahan; and claim No. 3655 seeks an award in the sum of $7.57 for telegraph services furnished by claimant as authorized by the House of Representatives through the month of May and June, 1940, and July, 1941.

Claimant in addition to seeking an award for the actual services rendered by them to the various departments of the respondent also seek interest thereon at the legal rate from the date of the services to the rendition of this opinion.

It is evident from the verified complaints, the acknowledgements by letters from the various officers of the

respondent and the lack of defense on the part of the Attorney General that the services were actually rendered as per invoices attached to each complaint thereof. And it is further evident from the record that had claimant billed the various departments of respondent in apt time they would have been paid in due course for the reason there existed appropriations sufficient to pay each claim at the time the services were rendered.

Where it clearly appears that claimant rendered services to the State at the request of its duly authorized officers and for which an appropriation existed out of which payment could be made therefor, an award may be made for compensation for such services, in an amount not in excess of that agreed upon, where such appropriation lapsed before payment was made for same, on claim filed within a reasonable time.

*Riefler, et al.*, vs. *State*, 11 C. C. R., 381.

The State is not liable for payment of costs or interest in the absence of a statute subjecting it to such liability and in this State there is no such statute.

*Southern Kraft Corp.* vs. *State*, 9 C. C. R., 306.

*Phillips Petroleum Corp.* vs. *State*, 10 C. C. R., 319.

*U. S. Industrial Alcohol Co.* vs. *State*, Opinion No. 3736, Opinion rendered Nov. 10, 1942.

From the record the court enters the following awards in favor of claimant, viz. No. 3442, $24.00; No. 3454, $28.67; No. 3648, $44.48; No. 3654, $24.00; and No. 3655, $7.57, making a total due claimant on the five above complaints in the sum of $128.72.